**SAND SPRINGS HOME, a corporation, Plaintiff in Error,**

**v.**

**D. M. CLEMENS, Defendant in Error.**

**No. 35120.**

Supreme Court of Oklahoma.

Nov. 3, 1954.

Doerner, Rinehart & Stuart, Jack E. Campbell and Harry D. Moreland, Tulsa, for plaintiff in error.

Roy T. Wildman and Patrick T. Rolen, Sapulpa, for defendant in error.

DAVISON, Justice.

This is a suit in equity instituted by D. M. Clemens, as plaintiff, against Sand Springs Home, a corporation, as defendant, to cancel an oil and gas lease because of failure to diligently develop and operate. The parties will be referred to as they appeared in the trial court.

The facts appear in the record by stipulation and by uncontroverted testimony of witnesses. The lands involved consist of a 120 acre tract in Creek County, Oklahoma, which comprises a quarter section, less the northwest forty acres thereof. On August 29, 1938, plaintiff's grantor leased the property for oil and gas purposes to the defendant for a primary term of one year and as long thereafter as oil or gas was produced therefrom. Some four months later a well was completed on the southwest forty acres from which, through the years, there has

been a small continuous production of oil, totaling some five or six barrels daily at the time this case was tried. In 1939 a well was drilled on the southeast forty acres which was a dry hole. No other wells were drilled although approximately twenty years earlier a dry hole had been drilled by other parties on the remaining northeast forty acres.

Plaintiff filed his petition herein on February 23, 1950, alleging that the defendant, in violation of the express and implied covenants in said lease, had failed, neglected and refused to diligently develop and operate said lease; that, therefore, plaintiff had given defendant a sixty day written notice to further develop the premises or said lease would be cancelled; that, because of such failure, plaintiff had elected to declare the lease terminated. Upon the trial of these issues and after plaintiff had presented evidence to support these allegations, defendant called two expert witnesses, the gist of whose testimony was that the property had been fully developed and that the number of dry holes which had been drilled in the area would justify no further development on the acreage in question. The other witness, called on behalf of defendant, was its financial accountant and land man who testified that the total cost of drilling the two wells was approximately $28,500 while the total net value of the oil recovered from the producing well was slightly more than $21,000.

Judgment was rendered in favor of plaintiff cancelling the lease except as to a ten acre tract surrounding the producing well. From that judgment, the defendant has appealed, relying upon the one proposition that said judgment is not supported by, but is contrary to, the evidence and the law. No case is cited supporting such position.

The trial court's conclusion is sustained by the decisions of this court in the cases of Colpitt v. Tull, 204 Okl. 289, 228 P.2d 1000; Morrison v. Johnson, 199 Okl. 264, 185 P.2d 208; Doss Oil Royalty Co. v. Texas Co., 192 Okl. 359, 137 P.2d 934, 938. In the last cited case, many of the authorities are collected and discussed. Therein, it was said that,

"To permit the lessee to hold the lease for an unreasonable length of time for merely speculative purposes, is to allow him to protect his own interest and to disregard the interest of the lessor. If conditions do not indicate to him that further development will be profitable, it is but fair that, after a reasonable time has expired, he surrender the undeveloped portions of the lease and allow the lessor to procure development by others or assume the burden of showing why in equity and good conscience the undeveloped portion should not be cancelled so that the owner may, if possible, get it developed by others."

That reasoning is particularly applicable to the situation in the case at bar. One small producing well was drilled on the entire 120 acre tract over a period of some twelve years. The testimony in the record can lead to but one conclusion, namely, that the defendant because of one dry hole drilled by it and another drilled some twenty years previously indicate that further development would prove unprofitable. If such be the case, no injury could result to defendant by a cancellation of the lease as to the undeveloped portion of the lands embraced therein. Equity and justice to the plaintiff require that it be done.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and CORN, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

HALLEY, C. J., dissents.